Whaley, Judge,
delivered the opinion of the court:
On November 1, 1918,- the plaintiff and the defendant, represented by John B. Holt, major, Quartermaster Corps, United States Army, entered into a formal written contract *22 whereby the plaintiff agreed to perform certain services for the Government at specified prices named in the contract. The contract was for the period beginning November 1,1918, and ending June 30, 1919. The contract contained a cancellation clause, and the Government on December 20, 1918, forwarded to the plaintiff a cancellation contract but the plaintiff refused, to sign. There is no dispute that the Government paid the plaintiff for all the work performed, but this suit is brought to recover the value of rental space of a portion of plaintiff’s premises on the ground that the conversations and correspondence previous to the execution of the contract show the Government intended that the entire plant of the plaintiff should be devoted to Government work exclusively, and that the plaintiff was prevented from re-leasing part of its leasehold by the acts of the agents of the defendant.
There is no allegation of fraud or mistake in the execution of the contract. The contention is that the negotiations leading up to the execution show that the parties intended something different from what is plainly and clearly expressed in the formal document. The agreement was reduced to writing and what transpired before that time is irrelevant. In Simpson v. United States, 172 U.S. 372, 379, Chief Justice White, quoting from a previous decision of the Supreme Court, said:
“All this is irrelevant matter. The written contract merged all previous negotiations, and is presumed, in law, to express the final understanding of the parties.”
This is a service contract whereby the plaintiff undertook and agreed to perform certain services for the Government only when called upon, and only when material was furnished by the Government. There is nothing requiring the defendant to furnish and deliver to the plaintiff any particular quantity of work to be performed. The plaintiff knew when it entered into the contract that it was only to be called upon when the need of its services was required. The contract was not canceled and therefore no damages can be recovered. It expired by its own limitation. Furthermore, the contract contains a clause which shows the Government *23 work was to be given a preference and by this clause it is plain that the exclusive use of the plant was not intended.
The plaintiff cannot recover. The petition is dismissed. It is so ordered.
Williams, Judge; LittletoN, Judge; and GeeeN, Judge, concur.
Booth, Ghief Justice, did not hear this case, on account of illness, and took no part in its decision.